UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffrey Rahim Colberth, ) | C/A No.  4:09-3213-JFA-TER |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | ORDER |
| Bob Olson, Food Service; Mr. McCall, ) | |
| Warden; Steven J. Reck, Food Service Branch ) | |
| Chief; Mr. Kirsch, Food Service Branch; Mr. ) | |
| Claytor, Acc. Warden; Mc. Cocciolone, IGC; ) | |
| Ofc. D. Lindsey; Ofc. Sowell; Mr. Najjar, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The *pro se* plaintiff, Jeffrey Rahim Colberth, brings this action pursuant to 42 U.S.C. § 1983 alleging a variety of unconstitutional conditions affecting him and his fellow inmates while he was incarcerated at the Perry Correctional Institution.[1] Such claims of unconstitutional conditions include allegations relating to food service, grievance procedures, lack of access to law materials, inappropriate sexual remarks during strip searches, and lack of access to media through radios, magazines, and newspapers.

The defendants filed a motion for summary judgment and an order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary judgment procedure and possible consequences if he failed to adequately respond to the motion to dismiss.  The plaintiff responded to the motion.  The plaintiff has also filed

---

[1] The plaintiff is now housed at the McCormick Correctional Institution of the South Carolina Department of Corrections.

1

a cross motion for summary judgment.

The Magistrate Judge assigned to this action[2] has prepared a Report and Recommendation wherein he suggests that the defendants' motion for summary judgment should be granted on all of plaintiff's claims except the claim relating to denial of access to media and news. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to file objections to the Report and Recommendation which was entered on the docket on January 25, 2011. The plaintiff's objections consist of a one-page response with each objection summarily stated in one sentence. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983). Accordingly, plaintiff's objections are overruled.

The defendants have also filed objections to the Magistrate Judge's suggestion that summary judgment be denied on the plaintiff's access to media claim. Such objections will be addressed herein.

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

DISCUSSION

*Allegations by other Inmates*

In his Report, the Magistrate Judge first opines that as to plaintiff's allegations by behalf of other inmates, plaintiff does not have standing to bring this claim. *Inmates v. Owens*, 561 F.2d 560, 562 (4th Cir. 1977). The defendants are entitled to summary judgment on this claim.

*Food Service Claims*

The Magistrate next opines that with regard to the plaintiff's complaints of substandard food service and allegations of denial of water service in his cell, that such conditions do not rise to the level of a deprivation of a basic need or that the alleged deprivation was attended by deliberate indifference on the part of the defendants. This court agrees that the plaintiff's complaint does not reveal extreme deprivation that the Constitution prohibits. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). Therefore, defendants are entitled to summary judgment on this issue.

*Access to the Courts*

With regard to plaintiff's claim of denial of access to the courts, the plaintiff has not shown any actual injury or that such alleged deficiencies have hindered his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343 (1996). The court agrees with the Magistrate Judge's opinion that the defendants are entitled to summary judgment on this claim.

*Prison Grievances*

The plaintiff's allegations that his grievances were not handled properly by the

defendants must fail also as there is no constitutional right to participate in grievance proceedings.  *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

### *Strip Searches*

As to plaintiff's claim of violations due to strip searches by the defendants, the Magistrate Judge opines that inmates in the SMU or Special Management Unit (where plaintiff was housed), are subject to strip searches for weapons and contraband as a security measure.  The Constitution does not mandate comfortable prisons.  Moreover, "to the extent such conditions are restrictive and even harsh, they are part of the penalty that criminals pay for their offenses against society."  *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

### *Access to the Media/News*

The plaintiff claims that his rights have been violated because his access to media (including newspapers, magazines, and radios) was restricted.

In their motion for summary judgment, the defendants have provided sworn affidavits in support of their argument that these restrictions have been prompted by security concerns caused by the activities of the SMU inmates.  For example, Warden McCall has restricted the possession of radios and batteries for SMU inmates because in 2009 the SMU inmates were using batteries and radios to construct handcuff keys.  In addition, some of the SMU inmates have been using magazines and newspapers to cover the openings of their cells and cell lights to hide from correctional officer's views which is also a security concern.

Defendant Warden McCall submits that these paper media sources have been restricted from the SMU under SCDC policy/procedures OP.22.12 and 26.3.  However, to

4

allow the inmates to keep up with current events, Warden McCall set up an alternative source of local news—a newsletter prepared and issued through the Chaplain's office. Here, plaintiff contends that he was denied these newsletters. He provides the affidavit of another inmate, Sammie Lee Frierson, who attests that he was also denied a newspaper. Plaintiff has not asserted in his complaint, affidavit, or memorandum in opposition to the defendants' motion for summary judgment that he, personally, has been denied a newsletter.

The Magistrate Judge suggests that a material issue of fact exists because the defendants have offered no explanation or otherwise challenged plaintiff's allegations that he was denied the newsletters, and therefore, the defendants should be denied summary judgment on this issue.

In the Supreme Court case of *Beard v. Banks*, 126 S.Ct. 2572 (2006), the Court concluded that a prison policy prohibiting inmate's access to newspapers, magazines, and photographs did not violate the First Amendment. The Court found that withholding such privileges is a proper and even necessary management technique to induce compliance with the rules of inmate behavior, especially for high-security prisoners who have few other privileges to lose.

In their objections to the Report, the defendants contend that it is well-settled that a prison regulation may impinge on the rights of an inmate if it is reasonably related to a legitimate penalogical interest. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987); *Turner v. Safley*, 482 U.S. 78, 79 (1987); *Hines v. SCDC*, 148 F.3d 353, 358 (4th Cir. 1998). Once the prison administration "demonstrates it is pursuing a legitimate governmental

objective, and demonstrates some minimally rational relationship between that objective and the means chosen to achieve that objective, we must approve of those means." *Hines* at 358.

The defendants have submitted the affidavits of Warden McCall, Michael Najjar and Inmate Grievance Coordinator Miriam Snyder which attest that Warden McCall restricted magazines and newspapers from SMU as a result of inmates using those items to cover their cell door openings and cell lights to hide from officers. This appears to support the Warden's legitimate penalogical interest. Moreover, in *Turner v. Safely*, 482 U.S. 78 (1987), the Court recognized that substantial deference should be given to the decisions of prison administrators, especially those decisions dealing with issues of prison safety and security. Additionally, courts must give wide-ranging deference to the execution of policies and procedures that prison officials judge are necessary "to preserve internal order and discipline and to maintain institutional security." *Whitley v. Walbers*, 475 U.S. 312, 321–22 (1986).

The defendants also cite to various cases in this district involving some or all of the same defendants and essentially the same allegations of constitutional violations involving access to the media at the Perry Correctional Institution. Many of those cases were either voluntarily dismissed or dismissed for lack of prosecution.

With regard to the plaintiff's claim of denial of general access to the media, the plaintiff cannot provide a "sufficiently serious" deprivation of a basic human need. Moreover, the plaintiff cites to no authority which gives him the constitutional right to a newsletter.

The court respectfully declines the Magistrate Judge's suggestion that summary judgment be denied to the defendants on this claim.

*Plaintiff's Motion for a Temporary Restraining Order*

As to the plaintiff's motion for a temporary restraining order, the plaintiff is no longer incarcerated at the Perry Correctional Institution. Therefore, to the extent that he has requested declaratory judgment or injunctive relief for the defendants' alleged refusal to make copies or return his property, such claim is moot. *See Williams v. Griffin*, 952 F.3d 820, 823 (4th Cir. 1991). This court agrees with the Magistrate Judge that the plaintiff's motion is now moot.

### CONCLUSION

After carefully reviewing the applicable laws, the record in this case, and the Report and Recommendation, this court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference with the exception noted above.

Accordingly, the defendants' motion for summary judgment (ECF No. 52) is granted, plaintiff's motion for summary judgment (ECF No. 35) is denied, and plaintiff's motion for a temporary restraining order (ECF. No. 29) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 17, 2011                    Joseph F. Anderson, Jr.
Columbia, South Carolina          United States District Judge